IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VELMA FRAN JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:12-CV-460 (MTT) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) ) |

### ORDER

Before the Court is the Plaintiff's motion for attorney's fees (Doc. 20) pursuant to the Equal Access to Justice Act (EAJA) following the remand of her claim for Social Security benefits.

The EAJA provides that a prevailing plaintiff may recover attorney's fees incurred in a suit against the United States unless the position of the United States was "substantially justified or ... special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). On December 20, 2013, the Court adopted the Magistrate Judge's recommendation and reversed and remanded this action to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 18). A claimant who obtains a court order remanding her Social Security claim to the Commissioner for further proceedings is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer,* 509 U.S. 292, 300-01 (1993).

The Plaintiff, as the prevailing party, now requests attorney's fees in the amount of $1,866.60 for 10 hours of work. The Commissioner does not object to the amount of

fees or the hourly rate requested, nor does she contend her position was "substantially justified." (Doc. 17). However, the Commissioner does object to the Plaintiff's request that the attorney's fees awarded be made payable to Plaintiff's counsel. The Commissioner contends the fees must be paid directly to the Plaintiff, as they are subject to an offset to satisfy any pre-existing debt she owes the government. (Doc. 21).

The Supreme Court has held that the prevailing party, not the prevailing party's counsel, is eligible to recover attorney's fees under the EAJA as part of the party's litigation expenses. *Astrue v. Ratliff,* 560 U.S. 586, 589, 592-94 (2010) (citing 28 U.S.C. §§ 2412(d)(1), (d)(2)(A)); *see also Panola Land Buying Ass'n v. Clark,* 844 F.2d 1506, 1509-11 (11th Cir. 1988) (recognizing EAJA fees are awarded to the prevailing plaintiff, not his counsel, in accordance with the specific language of the EAJA). Following *Ratliff*, the Eleventh Circuit has also affirmed that the plaintiff, not the plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA. *Reeves v. Astrue,* 526 F.3d 732, 736-38 (11th Cir. 2008). In *Reeves*, the court stated that the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services." *Id.* at 736. *Ratliff* acknowledges that until 2006, the government "frequently paid EAJA fees in social security cases directly to attorneys." 560 U.S. at 597 (internal quotation marks omitted). But since 2006, the government has continued the direct payment practice "only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* (internal quotation marks omitted).

As evidence of an assignment, the Plaintiff has presented a form in which she purports to convey to her counsel rights to any attorney's fees she might recover. (Doc. 20-4). However, as the Commissioner argues, the form is ineffective. EAJA awards belong to prevailing plaintiffs. *See Ratliff,* 560 U.S. at 593-94. Attorney's fees awarded under the EAJA may be assigned, but because the awards are claims against the United States, any assignment of them must satisfy the Anti-Assignment Act, 31 U.S.C. § 3727. Pursuant to that Act, assignments of claims against the United States are permitted only after (1) a claim is allowed; (2) the amount of the claim is decided; (3) a warrant for payment is issued; and (4) the assignment itself specifies the warrant, is made freely, and is signed by two witnesses. 31 U.S.C. § 3727(b). *See also Gibson v. Colvin*, 2013 WL 2422611, at *6 (S.D. Ga.); *Thomas v. Astrue*, 2012 WL 2343755, at *5 (M.D. Ga.); *Brown v. Astrue*, 2011 WL 3296165, at *2 (M.D. Ga.).

The "assignment" between the Plaintiff and her counsel does not satisfy the Anti–Assignment Act. First, it was executed in November 2012. This was well before the Court decided to allow attorney's fees in this case under the EAJA and certainly before the Court determined the amount. Second, the form also lacks two witness signatures and does not mention a warrant for payment. Accordingly, the Court must award the fees directly to the Plaintiff, not to her counsel. If the Commissioner later determines the Plaintiff does not owe the United States a debt, she may waive the Anti-Assignment Act's requirements and pay the EAJA fee award directly to the Plaintiff's counsel. *See, e.g., Arthur Pew Const. Co. v. Lipscomb,* 965 F.2d 1559, 1576 (1992) (holding that the government may recognize the assignment of its obligations to another and waive the

protection of anti-assignment statutes if it chooses).  But that decision is for the Commissioner, not the Court.

Therefore, the Court **GRANTS** the Plaintiff's motion for attorney's fees in the amount of $1,866.60, but **DIRECTS** that the money be paid to the Plaintiff and not to her counsel.

**SO ORDERED,** this 20th day of February, 2014.

                S/ Marc T. Treadwell
                MARC T. TREADWELL, JUDGE
                UNITED STATES DISTRICT COURT